No. 12. Davis v. Mitchell. This was a distraint proceeding begun before a justice of the peace, and appealed to the circuit court, where, on trial by jury, defendant in error, as landlord, recovered judgment for $18.90 and costs, and plaintiff in error brings the case to this court by writ of error. But one ground is urged for a reversal, which was raised in the court below by a motion to exclude plaintiff's evidence from the jury. It was insisted there, and is urged here, that the evidence fails to show the relation of landlord and tenant between the parties. The only evidence in the case is that of plaintiff, who testified, "I let John Davis have eighteen acres to tend in corn. I furnished seed, team, feed and farming implements. He was to plant, cultivate and gather the crop and give me one half, and ten bushels on the hundred in the crib. * * * * The land he cultivated was on the same farm I lived on. * * * He lived in the house in the field where the corn grew. Davis had control of the land he cultivated, and house he lived in." Under this state of facts the relation of landlord and tenant did not *necessarily* exist, and yet it might, depending upon the intention of the parties. There was certainly evidence tending to prove the relation of landlord and tenant, and therefore the court did right in refusing to take the case from the jury. Plaintiff failing to introduce any evidence showing a different intention, the jury found correctly for plaintiff. Two instructions, given

on behalf of the plaintiff below, are criticised by plaintiff in error, because they leave the question of the relationship of the parties to the jury. This, it is said, is a question of law for the court, and not of fact for the jury. In Atwood v. Buckman, 21 Ill. 201, C. J. Caton says: "Whether the letting be of one kind or the other, must, in general, as in most other contracts, depend upon the intention of the parties, although this intention must in most cases be inferred from the circumstances which attend the case. In general the question of possession will determine the matter." The court sees no valid objection to the instructions under the evidence. Affirmed. Opinion by WILKIN, J. Judge below, C. C. Boggs. Attorneys, for plaintiff in error, Mr. W. F. Foster; for defendants in error, Mr. H. J. Strawn and Mr. J. M. Campbell.